# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SILVER VALLEY PARTNERS, LLC, a Washington Limited Liability Company; JAMES D. CHRISTIANSON, an individual; the JAMES D. CHRISTIANSON LIVING TRUST, a Trust formed under the laws of the State of Washington; STERLING PARTNERS, LLC, a Washington Limited Liability Company; CHRISTIANSON FAMILY, LLC, a Washington Limited Liability Company, SILVER VALLEY EAGLES, LLC, a Washington Limited Liability Company and NONSTOP REVENUE, LLC, a Washington Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 06-429-N-ELJ |
| v. | ) ) | |
| RAY DE MOTTE, an Individual; STERLING MINING COMPANY, an Idaho corporation; COHNE RAPPAPORT & SEGAL, a Utah Professional Corporation; MARK LEHMAN, an Individual; ART AND CAROL STEPHAN, husband and wife; SPRING CREEK PROPERTIES, LLC, an Idaho Limited Liability Company, | ) ) ) ) ) ) ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| Defendants. | ) ) ) | |

MEMORANDUM ORDER - 1

Before the Court in the above-entitled matter are Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint.  The parties have submitted briefing on the motions and the matters are now ripe for the Court's consideration.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

## BACKGROUND

This case arises out of a series of Plaintiffs' investments in various mining enterprises in Northern Idaho.  (W.D. Wash. Docket No. 1-17) (reported as Silver Valley Partners, LLC v. De Motte, 400 F. Supp. 2d 1262 (W.D. Wash. 2005)).  It is alleged that Plaintiffs invested over 3.2 million into various businesses at the urging of Defendant Ray De Motte who promoted the investments in what he called the "Silver Revolution."  Id.  Plaintiffs filed their initial Complaint against Defendants Ray De Motte ("De Motte"), Carol Stephan ("Ms. Stephan"), Melanie Farrand ("Farrand"), and Silver Valley Capital, LLC ("SVC") in Federal District Court for the Western District of Washington (Hon. Ronald B. Leighton).  (W.D. Wash. Docket No. 1-3).

The Defendants moved to dismiss for lack of personal jurisdiction.  The Washington Court denied the motion to dismiss as to Defendant De Motte but concluded that it did not have personal jurisdiction over Defendants Ms. Stephan, Farrand, and SVC.  (W.D. Wash.

**MEMORANDUM ORDER - 2**

Docket No. 1-17).  As a result, the Washington Court gave Plaintiffs two options either:  1) dismiss Ms. Stephan, Farrand, and SVC and pursue the case solely against Defendant DeMotte or 2) transfer the entire case to Idaho where the Court would have general jurisdiction over each defendant named in the complaint.  Id.  Plaintiffs elected to proceed against Defendant De Motte in the Western District of Washington.  (W.D. Wash. Docket No. 1-21).  Accordingly, the Washington Court granted the motion to dismiss as to Defendants Ms. Stephan, Farrand, and SVC.  Id.

Later, Plaintiffs sought leave to amend and file a First Amended Complaint adding claims against Defendant De Motte, re-pleading claims against Defendant Ms. Stephan and adding Defendants Mr. Art Stephan, Spring Creek Properties, Sterling Mining Company, and the lawyers allegedly involved in the transactions from the firm of Cohne Rappaport & Segal and Mark Lehman.  (W.D. Wash. Docket No. 72).  The Washington Court ultimately allowed Plaintiffs to filed their First Amended Complaint ("FAC").  (W.D. Wash. Docket Nos. 79, 80, 85, 112, 113).

Defendant De Motte then filed a motion to change venue and motion to dismiss.  (W.D. Wash. Docket Nos. 141, 162).  Defendants Cohne Rappaport & Segal and Mark Lehman filed a motion to dismiss for lack of personal jurisdiction.  (W.D. of Wash. Docket No. 156).  Defendants Ms. Stephan and Art Stephan (collectively "the Stephans") and Spring Creek Properties ("Spring Creek") also filed their own motion to dismiss for lack of personal jurisdiction.  (W.D. Wash. Docket Nos. 164).  On August 24, 2006, Defendant Sterling Mining Company filed its motion to dismiss for failure to state a claim.  (W.D.

MEMORANDUM ORDER - 3

Wash. Docket No. 179).

The Washington Court granted Defendant De Motte's motion and transferred the case from the Western District of Washington to the District of Idaho, recognizing Idaho as a more convenient venue.  (W.D. Wash. Docket Nos. 215, 216).  This Order also found as moot Defendants Cohne Rappaport & Segal, Lehman, Stephan and Spring Creek's motions to dismiss for lack of personal jurisdiction.[1] (W.D. Wash. Docket No. 216).

This Court then took up the motions to dismiss that were unresolved by the Washington Court, the motion to dismiss filed in this case by Defendants Stephans and Spring Creek, and Plaintiffs' second motion to amend.  (Docket No. 9, 40).  The Court granted in part and denied in part the Defendants' motions to dismiss and the Plaintiffs' motion to amend.  The Court allowed Plaintiffs leave to file a Second Amended Complaint (SAC) as to all claims except the claim made under the Washington Consumer Protection Act, which was dismissed.  In doing so, the Court cautioned Plaintiffs that no further amendments would be allowed and that they should cure any and all defects to their claims before filing the SAC.  Plaintiffs filed their SAC on October 31, 2007 (Dkt. No. 90).

---

[1]

After the matter was transferred to this Court, on November 10, 2006, Plaintiffs entered a notice of dismissal as to all claims against Defendants Cohne Rappaport & Segal and Mark Lehman.  (Docket No. 15).

The SAC has named an additional Defendant, Silver Valley Capital LLC ("SVC"), and again raises several fraud, securities, and racketeering claims against the Defendants. Most of the claims name the Defendant De Motte in addition to also specifically naming certain other Defendants: First Claim for Relief, Count One Fraud and Constructive Fraud in Inducing Plaintiffs to Purchase Sterling Stock; Count Two Fraud and Constructive Fraud in Inducing Plaintiffs to invest and/or Make Payments to Companies Other than Sterling; Second Claim for Relief, Breach of Fiduciary Duty; Third Claim for Relief Conversion; Fourth Claim for Relief, Breach of Contract; Fifth Claim for Relief, Violation of Idaho Securities Law; Sixth Claim for Relief, Violation of Washington Securities Law; Seventh Claim for Relief,  Violation of Idaho Racketeering Law; Eighth Claim for Relief, Wind Up; Ninth Claim for Relief, Appointment of Liquidator; Tenth Claim for Relief, Equitable Lien. (Dkt. No. 90).

Defendants have each filed separate motions to dismiss the SAC and also joined in the motions to dismiss filed by the other Defendants.  (102, 105, 106, 107).  The motions all assert dismissal of Plaintiffs' claims is appropriate because the Court lacks subject matter jurisdiction and the SAC fails to state a cause of action upon which relief can be granted. Plaintiffs oppose the motions arguing jurisdiction is proper and the allegations are sufficient to state claims for relief.

**MEMORANDUM ORDER - 5**

## STANDARD OF LAW

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways.  See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction.  Id.  On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact."  Id.  When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987).  When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary."  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Thornhill, 594 F.2d at 733).  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ."  Thornhill, 594 F.2d at 733 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not

appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined.  A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine, 704 F.2d at 1077).  In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine, 704 F.2d at 1077 (citing Thornhill, 594 F.2d at 733-35).  This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

## DISCUSSION

Defendants seek dismissal of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(1) on two grounds: 1) the Plaintiffs failed to adequately allege the identity and citizenship of the members of the Plaintiff LLCs and 2) the Plaintiffs' membership in Defendant SVC rendered Defendant SVC, a necessary and indispensable party, a citizen of the same states as the Plaintiffs and, therefore, negated diversity.[2]

Federal courts are courts of limited jurisdiction.  See U.S. Const. Art. III, § 2; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[I]t is presumed that a cause

---

[2]  Because the Court concludes that subject matter jurisdiction does not exist on the first argument, the Court need not address the jurisdictional challenges relating to SVC.  See Orff v. United States, 358 F.3d 1137, 1149 (9th Cir. 2004) ("[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss.").  Likewise, the Court will not take up the Defendants' substantive arguments for dismissal of the complaint for failure to state a claim.

MEMORANDUM ORDER - 7

lies outside this limited jurisdiction" unless the party asserting jurisdiction establishes that it exists.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Thus, the burden is on the plaintiff to plead and prove the citizenship of the parties.  Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir.1987).

Federal courts are afforded subject matter jurisdiction where there is diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  Diversity jurisdiction requires "complete diversity, whereby in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego v. Dow Chem. Co., 443 F.3d 676, 679 (9th Cir. 2006) (citation and quotation omitted).  Again, the burden of establishing subject matter jurisdiction lies with the party seeking to invoke the Federal court's jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

At issue in this case, is the question of whether the citizenship of the relevant LLCs are completely diverse.  For the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

In this case, Plaintiffs seek to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1).  The jurisdictional deficiencies, however, are apparent on the face of the SAC.  As to Plaintiff Christianson, the SAC alleges that he "is an individual residing in Clark County, Washington."  (Dkt. No. 90).  This allegation is defective because it fails

to allege the citizenship, not residency, of Plaintiff Christianson.

A party seeking to invoke diversity jurisdiction need only allege-not prove-the actual citizenship of the relevant parties such that the district court may determine whether there exists complete diversity.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Shaw v. Quincy Mining Co., 145 U.S. 444, 447 (1892).  The allegations do, however, need to establish a natural person's state of citizenship:

> To be a citizen of a state, a natural person must first be a citizen of the United States ..... The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return ..... A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

Kanter, 265 F.3d at 857 (citations omitted).  The Supreme Court has consistently applied the distinction between domicile and residence to diversity jurisdiction:

> [A]n averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State, which was the fact on which the jurisdiction depended under the provisions of the Constitution and of the Judiciary Act.

Shaw, 145 U.S. at 447 (1892).  Thus, the SAC's allegation as to the Plaintiff Christianson's residency is insufficient to meet the diversity jurisdictional requirements.

Likewise, the allegations as to each of the Plaintiff LLCs is lacking.  The Plaintiff LLCs named in the SAC are Silver Valley Partners, LLC, Sterling Partners, LLC, Christianson Family, LLC, and NonStop Revenue, LLC.  The SAC states that each of these LLCs are "Washington LLC[s] headquartered in Clark County, Washington, and conducting business there."  (DKt. No. 90).   Defendants  argue this allegation fails to provide the identity and citizenship of the members of the Plaintiff LLCs which is a necessary to show diversity jurisdiction exists.

In response, Plaintiffs provide little other than to say the "simple truth is that neither plaintiffs nor defendants considered the jurisdiction problem before plaintiffs filed their [SAC]."  (Dkt. No. 114, p. 1).[3]  Subject Matter Jurisdiction, however, is fundamental and necessary before a case can be brought in federal court.  Though a court has "a continuing obligation to assess its own subject-matter jurisdiction,"  Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004), the burden to demonstrate proper subject matter jurisdiction lies with the party seeking to invoke federal jurisdiction, in this case the Plaintiffs, Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  Plaintiffs casually dismiss this burden and simply conclude that the jurisdictional problem is solved by their dismissal of SVC and Plaintiff Christianson's declaration which states "[n]one of the members of Silver Valley Partners, LLC, Sterling Partners, LLC, Christianson Family, LLC, and NonStop Revenue, LLC live

---

[3]  Given the numerous personal jurisdiction problems that arose while the case was before the United States District Court for the Western District of Washington, the fact that Plaintiffs failed to evaluate something as fundamental as subject matter jurisdiction until this time indicates a lack of diligence on the part of the Plaintiffs.

MEMORANDUM ORDER - 10

in Idaho." (Dkt. No. 116).[4] Because diversity jurisdiction has to do with citizenship and not where one lives, or does not live, this affidavit does not cure SAC's jurisdictional shortcomings.[5]

Neither the allegations in the SAC nor the declaration of Plaintiff Christianson satisfy the jurisdictional requirements for demonstrating diversity jurisdiction in this case. While the Court is cognizant of the fact that "an inadequate pleading does not in itself constitute an actual defect of federal jurisdiction" and the Court could allow an opportunity to cure the defect, such an opportunity is not warranted and would be highly prejudicial to the defense under the circumstances in this case. Kanter v. Warner-Lambert Co., 265 F.3d 853- 860 (9th Cir. 2001) (citation omitted). In granting Plaintiffs leave to amend previously, the Court made it abundantly clear that it was the Plaintiffs final opportunity to cure any and all defects in their complaint. (Dkt. No. 88). Failing to properly allege something as fundamental as subject matter jurisdiction at this stage in the litigation is fatal to the Plaintiffs complaint. See Orff v. United States, 358 F.3d 1137, 1149 (9th Cir. 2004) ("[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss.") The Plaintiffs have failed at every opportunity to properly allege the basis for this Court to

---

[4] Plaintiffs' opposition conclusively states, in a footnote, that complete diversity and subject matter jurisdiction are present because the members of the Plaintiff LLCs are not Idaho citizens. (Dkt. No. 114, p. 1 n. 1). This footnote argument noticeably uses the terms "citizenship" and "Idaho citizens" which is different than the language in the declaration which merely states the individuals do not "live in Idaho." This distinction is not without a difference to the Supreme Court. See Shaw, 145 U.S. at 447 (1892). This Court will rely upon the sworn declaration and not mere arguments of counsel.

[5] Defendants further contend that the affidavit of Plaintiff Christianson on behalf of the other members is inadmissible hearsay and that the failure to disclose the members' names and citizenship makes it impossible for the Court to ascertain whether diversity jurisdiction is proper.

MEMORANDUM ORDER - 11

exercise subject matter jurisdiction over this action.   As such, the Court grants the Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, the case is dismissed with prejudice and a judgment shall be entered in favor of the Defendants.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

1. Defendant Sterling Mining Company's Motion to Dismiss (Dkt. No. 107) is **GRANTED**.

2. Defendant DeMotte's Motion to Dismiss (Dkt. No. 105) is **GRANTED.**

3. Defendants Art and Carol Stephan and Spring Creek Properties, LLC's, Motion to Dismiss (Dkt. No. 106) is **GRANTED**.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE in its ENTIRETY.

DATED:  **May 22, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 12**